## N. V. & M. Lawrence *vs.* Hix & High.

One of the firm of N. V. & M. Lawrence made affidavit to foreclose a lien for advances, stating " that Jno. White, of the 962nd district, G. M., of said county, was and is the tenant for the year 1882 of said N. V. & M. Lawrence, he having cultivated the lands of said N. V. & M. Lawrence under a contract of rent by which said White pays to said firm one-third of the corn and one-fourth of the cotton grown on said lands; that during said year, and while the relation of landlord and tenant, as aforesaid, existed, the said N. V. & M. Lawrence furnished to said White supplies and articles necessary for, and to enable the making of said crop, to-wit, one mare, for the sum of $85, for which amount said firm claims a landlord's lien on the portion of said crops, corn and cotton belonging to said White; that said amount is due and unpaid; and that since the same became due, the said N. V. & M. Lawrence have demanded payment of the same from said White, which he refused, and still refuses to make; and that this proceeding, by affidavit to foreclose said lien, is begun within twelve months from the time the said sum became due:"

*Held*, that such affidavit was in substantial compliance with the statute upon which it was founded, and was sufficient. Code, §1991.

Judgment reversed.

November 11, 1884.

**Blandford,** Justice.

---

## Worthington *vs.* Western and Atlantic Railroad.

[Jackson, C. J., not presiding.]

1. Where the bill of exceptions states that the *certiorari* was sustained on a special ground, but the order contained in the record sustains the *certiorari* generally, without specifying any reason therefor, the latter will control.

2. There was no abuse of discretion in sustaining the *certiorari* and ordering a new trial in this case, the evidence being conflicting. Judgment affirmed.

December 2, 1884.

**Hall,** Justice.